**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

CARLOS RUIZ FLOREZ,
          Plaintiff,
vs.

HPG 29 2ND AVE LLC and AMIGO BY NAI
LLC,
          Defendants.

## COMPLAINT

Plaintiff, CARLOS RUIZ FLOREZ ("Plaintiff"), by his undersigned counsel, hereby files this Complaint against Defendants, HPG 29 2ND AVE LLC and AMIGO BY NAI LLC ("Defendants") for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq., (the ADA) and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter the "ADAAG"). This matter concerns Plaintiff's visits to a restaurant located at 29 2ND Avenue, New York, New York 10003, BAD HOMBRE, wherein Plaintiff encountered several barriers which have and will deter him from visiting the restaurant in the future. Plaintiff's past visit and his desire to return are fully set forth herein.

## JURISDICTION

1.    This Court has original jurisdiction over the action pursuant to 28 U.S.C., §§1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. § 12181. et seq., based upon Defendants' violations of Title III of the ADA (see also, 28 U.S.C. §§ 2201 and 2202).

2.    Plaintiff currently resides in the Queens, New York.

3.    Plaintiff suffered a spinal cord injury as a child complete from the T-7 to T-11, has paraplegia, and is bound to ambulate in a wheelchair. He is a qualified individual with disabilities under the ADA.

1

4.      Plaintiff visited the subject property located at 29 2ND Avenue, New York, New York 10003 (the "Facility") to enjoy the goods and services offered therein and encountered barriers to access. Plaintiff desires and intends to return to the Facility to enjoy to goods and services offered therein. However, his access to the Facility continues to be denied and/or substantially limited. His access will continue to be denied until Defendants remove the barriers, including those set forth in the Complaint at Paragraph 15 below.

5.      Defendant, HPG 29 2ND AVE LLC, transacts business in the State of New York and within this judicial district. Defendant, HPG 29 2ND AVE LLC, is the owner and/or lessor, of the real property located at 29 2ND Avenue, New York, New York 10003where the restaurant known as BAD HOMBRE is located (the "Facility").

6.      Defendant, AMIGO BY NAI LLC, transacts business in the State of New York and within this judicial district. Defendant, AMIGO BY NAI LLC, is the lessee of the Facility located at 29 2ND Avenue, New York, New York 10003and the owner and/or operator of a restaurant known as BAD HOMBRE (the "Facility").

7.      The Facility is a place of public accommodation under the ADA.

8.      Plaintiff has suffered legal harm and injury in fact, as he visited the Facility to enjoy the goods and services provided therein, encountered barriers to access, and desires and intends to re-visit the Facility again, but is unable to do so until the barriers to access are remediated.

9.      The barriers alleged in Paragraph 15, by their very nature, prevent Plaintiff and other wheelchair bound patrons from accessing the premises and enjoying the goods and services offered therein.

2

10.    The removal of the alleged barriers can be accomplished without much difficulty or expense.

11.    All events giving rise to this lawsuit occurred in the State of New York. Venue is proper in this Court as the premises is in the Southern District.

## FACTUAL ALLEGATIONS AND CLAIM

12.    Plaintiff has attempted to access the Facility in February 2023 and on or about May 10, 2024 to enjoy the goods and services offered therein but could not do so without substantial hardship due to his disability, which requires him to ambulate in a wheelchair, and the significant barriers to access existing at the Facility.

13.    Plaintiff intends to visit the Facility in the future to celebrate a special occasion with family and friends in the festive space and enjoy to Mexican seafood specialties and cocktails offered therein. However, his access to the Facility continues to be denied and/or substantially limited. His access will continue to be denied until Defendants remove the barriers, including those set forth in the Complaint at Paragraph 15 below.

14.    Defendants have discriminated against Plaintiff by denying him full access to the goods, services and/or accommodations of the Facility, as prohibited by 42 U.S.C., § 12182, et. seq., and by failing to remove architectural barriers as required by 42 U.S.C., § 12182(b)(2)(A)(iv), will continue to discriminate against Plaintiff unless and until Defendants remove all physical barriers including those specifically set forth below.

15.    Defendants have discriminated against Plaintiff by failing to remedy the ADA violations, which by their nature, affect Plaintiff and other wheelchair bound plaintiffs. A specific list of ADA violations which preclude and/or limit Plaintiff's ability to access the facility and to enjoy the goods and services offered therein, include the following:

I.     Inaccessible bar.

II.     Portion of bar required to be accessible not provided.

III.     Non-compliant height of bar exceeds maximum height allowance.

> ADAAG 226 Dining Surfaces and Work Surfaces.
> ADAAG 226.1 General.
> Where dining surfaces are provided for the consumption of food or drink, at least 5 percent of the seating spaces and standing spaces at the dining surfaces shall comply with 902.
> ADAAG 902 Dining Surfaces and Work Surfaces.
> ADAAG 902.1 General.
> Dining surfaces and work surfaces shall comply with 902.2 and 902.3.
> Advisory 902.1 General.
> Dining surfaces include, but are not limited to, bars, tables, lunch counters, and booths.
> ADAAG 902.3 Height.
> The tops of dining surfaces and work surfaces shall be 28 inches (710 mm) minimum and 34 inches (865 mm) maximum above the finish floor or ground.

IV.     Required minimum knee and toe clearance not provided at bar.

> ADAAG 226 Dining Surfaces and Work Surfaces.
> ADAAG 226.1 General.
> Where dining surfaces are provided for the consumption of food or drink, at least 5 percent of the seating spaces and standing spaces at the dining surfaces shall comply with 902.
> ADAAG 902 Dining Surfaces and Work Surfaces.
> ADAAG 902.1 General.
> Dining surfaces and work surfaces shall comply with 902.2 and 902.3.
> Advisory 902.1 General.
> Dining surfaces include, but are not limited to, bars, tables, lunch counters, and booths.
> ADAAG 902.2 Clear Floor or Ground Space.
> A clear floor space complying with 305 positioned for a forward approach shall be provided. Knee and toe clearance complying with 306 shall be provided.
> ADAAG 306.2 Toe Clearance.
> ADAAG 306.2.3 Minimum Required Depth.
> Where toe clearance is required at an element as part of a clear floor space, the toe clearance shall extend 17 inches (430 mm) minimum under the element.
> ADAAG 306.2.5 Width.
> Toe clearance shall be 30 inches (760 mm) wide minimum.
> ADAAG 306.3 Knee Clearance.
> ADAAG 306.3.3 Minimum Required Depth.
> Where knee clearance is required under an element as part of a clear floor space, the knee clearance shall be 11 inches deep minimum at 9 inches above the ground,

and 8 inches deep minimum at 27 inches (685 mm) above the finish floor or ground.
ADAAG 306.3.5 Width.
Knee clearance shall be 30 inches (760 mm) wide minimum.

V.  Inaccessible dining tables.

VI.  Required minimum knee and toe clearance not provided at dining tables.

VII.  A minimum percentage of existing dining tables required to be accessible not provided.

ADAAG 226 Dining Surfaces and Work Surfaces.
ADAAG 226.1 General.
Where dining surfaces are provided for the consumption of food or drink, at least 5 percent of the seating spaces and standing spaces at the dining surfaces shall comply with 902.
ADAAG 902 Dining Surfaces and Work Surfaces.
ADAAG 902.1 General.
Dining surfaces and work surfaces shall comply with 902.2 and 902.3.
ADAAG 902.2 Clear Floor or Ground Space.
A clear floor space complying with 305 positioned for a forward approach shall be provided. Knee and toe clearance complying with 306 shall be provided.
ADAAG 306.2 Toe Clearance.
ADAAG 306.2.3 Minimum Required Depth.
Where toe clearance is required at an element as part of a clear floor space, the toe clearance shall extend 17 inches (430 mm) minimum under the element.
ADAAG 306.2.5 Width.
Toe clearance shall be 30 inches (760 mm) wide minimum.
ADAAG 306.3 Knee Clearance.
ADAAG 306.3.3 Minimum Required Depth.
Where knee clearance is required under an element as part of a clear floor space, the knee clearance shall be 11 inches deep minimum at 9 inches above the ground, and 8 inches deep minimum at 27 inches (685 mm) above the finish floor or ground.
ADAAG 306.3.5 Width.
Knee clearance shall be 30 inches (760 mm) wide minimum.

VIII.  Inaccessible water closet in the first of two restrooms.

IX.  Non-compliant distance of water closet from side wall in the first of two restrooms.

ADAAG 604 Water Closets and Toilet Compartments.
ADAAG 604.2 Location.
The water closet shall be positioned with a wall or partition to the rear and to one side.
The centerline of the water closet shall be 16 inches minimum to 18 inches maximum from the side wall or partition

X.  Required grab bars not provided on rear and side walls of water closet in the first of two restrooms.

ADAAG 604 Water Closets and Toilet Compartments
ADAAG 604.5 Grab Bars.
Grab bars for water closets shall comply with 609.
Grab bars shall be provided on the side wall closest to the water closet and on the rear wall.

XI.    Inaccessible toilet paper dispenser in the first of two restrooms. Non-compliant position of toilet paper dispenser from water closet.

ADAAG 604 Water Closets and Toilet Compartments.
ADAAG 604.7 Dispensers.
Toilet paper dispensers shall comply with 309.4 and shall be 7 inches (180 mm) minimum and 9 inches (230 mm) maximum in front of the water closet measured to the centerline of the dispenser.

XII.    Inaccessible lavatory in the first of two restrooms.

XIII.    Required minimum knee and toe clearance not provided at lavatory in the first of two restrooms.

ADAAG 606 Lavatories and Sinks.
ADAAG 606.2 Clear Floor Space.
A clear floor space complying with 305, positioned for a forward approach, and knee and toe clearance complying with 306 shall be provided.
ADAAG 306.2 Toe Clearance.
ADAAG 306.2.5 Width.
Toe clearance shall be 30 inches (760 mm) wide minimum.
ADAAG 306.3 Knee Clearance.
ADAAG 306.3.5 Width.
Knee clearance shall be 30 inches (760 mm) wide minimum.

XIV.    Non-compliant height of lavatory in the first of two restrooms exceeds maximum height allowance.

ADAAG 606 Lavatories and Sinks.
ADAAG 606.1 General.
Lavatories and sinks shall comply with 606.
ADAAG 606.3 Height.
Lavatories and sinks shall be installed with the front of the higher of the rim or counter surface 34 inches (865 mm) maximum above the finish floor or ground.

XV.    Inaccessible mirror in the first of two restrooms.

XVI.    Non-compliant mounted height of mirror in the first of two restrooms exceeds maximum height allowance.

ADAAG 603.3 Mirrors.
Mirrors located above lavatories or countertops shall be installed with the bottom edge of the reflecting surface 40 inches (1015 mm) maximum above the finish floor or ground.

Mirrors not located above lavatories or countertops shall be installed with the bottom edge of the reflecting surface 35 inches (890 mm) maximum above the finish floor or ground.

XVII.    Inaccessible water closet in the second of two restrooms.

XVIII.    Non-compliant distance of water closet from side wall in the second of two restrooms.

ADAAG 604 Water Closets and Toilet Compartments.
ADAAG 604.2 Location.
The water closet shall be positioned with a wall or partition to the rear and to one side.
The centerline of the water closet shall be 16 inches minimum to 18 inches maximum from the side wall or partition

XIX.    Inaccessible flush control at water closet in the second of two restrooms.

XX.    Non-compliant position of flush control located at closed side of water closet in the second of two restrooms.

ADAAG 604 Water Closets and Toilet Compartments.
ADAAG 604.6 Flush Controls.
Flush controls shall be hand operated or automatic. Hand operated flush controls shall comply with 309. Flush controls shall be located on the open side of the water closet except in ambulatory accessible compartments complying with 604.8.2.

XXI.    Inaccessible lavatory in the second of two restrooms.

XXII.    Required minimum knee and toe clearance not provided at lavatory in the second of two restrooms.

ADAAG 606 Lavatories and Sinks.
ADAAG 606.2 Clear Floor Space.
A clear floor space complying with 305, positioned for a forward approach, and knee and toe clearance complying with 306 shall be provided.
ADAAG 306.2 Toe Clearance.
ADAAG 306.2.5 Width.
Toe clearance shall be 30 inches (760 mm) wide minimum.
ADAAG 306.3 Knee Clearance.
ADAAG 306.3.5 Width.
Knee clearance shall be 30 inches (760 mm) wide minimum.

XXIII.    Non-compliant height of lavatory in the second of two restrooms exceeds maximum height allowance.

ADAAG 606 Lavatories and Sinks.
ADAAG 606.1 General.
Lavatories and sinks shall comply with 606.
ADAAG 606.3 Height.
Lavatories and sinks shall be installed with the front of the higher of the rim or counter surface 34 inches (865 mm) maximum above the finish floor or ground.

XXIV.    Insulation of pipes and water lines under the lavatory in the second of two restrooms not provided as required.

> ADAAG 606 Lavatories and Sinks.
> ADAAG 606.5 Exposed Pipes and Surfaces.
> Water supply and drain pipes under lavatories and sinks shall be insulated or otherwise configured to protect against contact. There shall be no sharp or abrasive surfaces under lavatories and sinks.

XXV.    Inaccessible mirror in the second of two restrooms.

XXVI.    Non-compliant mounted height of mirror in the second of two restrooms exceeds maximum height allowance.

> ADAAG 603.3 Mirrors.
> Mirrors located above lavatories or countertops shall be installed with the bottom edge of the reflecting surface 40 inches (1015 mm) maximum above the finish floor or ground.
> Mirrors not located above lavatories or countertops shall be installed with the bottom edge of the reflecting surface 35 inches (890 mm) maximum above the finish floor or ground.

16.    The above listing may not include all the barriers countered by Plaintiff and/or which exist at the facility. Plaintiff requires an inspection of the facility to determine **all the** ADA violations.

17.    The removal of the ADA violations set forth herein is readily achievable and can be accomplished and carried out without much difficulty or expense. 42 U.S.C. § 12182(B)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R, § 36.304.

18.    Plaintiff is without adequate remedy at law and is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants are required to remove the physical barriers, dangerous conditions and ADA violations that exist at the facility, including those set forth herein.

19.    The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by the Defendants, pursuant to 42 U.S.C., §§ 12205 and 12217.

**20.**    Pursuant to 42 U.S.C. §12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an order to alter the subject facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and closing the subject facility until the requisite modifications are completed.

**WHEREFORE,** Plaintiff respectfully requests that the Court issue a permanent injunction enjoining Defendants from continuing their discriminatory practices, ordering Defendants to remove the physical barriers to access and alter the subject Facility to make it readily accessible and useable by individuals with disabilities to the extent required by the ADA, closing the subject Facility until the barriers are removed and requisite alterations are completed, and awarding Plaintiff his reasonable attorney's fees, expert fees, costs and litigation expenses incurred in this action.

Dated: <u>August 23, 2024</u>

Respectfully submitted,

<u>s/ Jennifer E. Tucek, Esq.</u>
Law Office of Jennifer Tucek, PC
    *Attorney for Plaintiff*
Bar No. JT2817
315 Madison Avenue, #3054
New York, N.Y. 10017
(917) 669-6991
TucekLaw@Gmail.com

9